1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICARDO GARCIA, | ) | Case No. CV 05-7725 PA(JC) |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | OF UNITED STATES MAGISTRATE |
| | ) | JUDGE |
| D. OLLISON, | ) | |
| | ) | |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable Percy Anderson, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

As discussed below, it is recommended that this action be dismissed without prejudice.

## I.   PROCEDURAL HISTORY

On October 28, 2005, petitioner filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (the "Petition").  Petitioner appears to challenge a 2003 conviction in the Los Angeles County Superior Court

///
///

1  on three grounds:  (1) prosecutorial misconduct; (2) ineffective assistance of

2  counsel; and (3) sufficiency of the evidence as to a great bodily injury element.[1]

3  　　　　On December 27, 2005, respondent filed an Answer to the Petition which

4  does not address the merits of any of petitioner's claims.  Instead, respondent

5  argues that the Petition should be dismissed because petitioner's second and third

6  claims have not been exhausted and the Petition is therefore "mixed," i.e., it

7  contains both an exhausted and unexhausted claims.  Attached to the Answer as

8  Exhibit D, is a copy of a petition for review filed on petitioner's behalf in the

9  California Supreme Court (the California Petition).  The California Petition does

10  not contain the second and third claims raised by petitioner in the instant Petition.

11  Petitioner has not otherwise sought relief from the California Supreme Court in

12  connection with the conviction in issue.  (Petition at 4-5).  Respondent, therefore,

13  correctly asserts that petitioner's second and third claims are unexhausted, and that

14  the Petition is "mixed."

15  　　　　On October 21, 2008, the court issued an order (the "October Order")

16  advising petitioner that it appeared to the court that petitioner's second and third

17  claims have not been exhausted and that the Petition is therefore "mixed."   The

18  October Order further explained that a federal court generally must dismiss

19  "mixed" habeas petitions, and that this court was inclined to recommend that the

20  Petition be dismissed on such basis unless petitioner chose one of multiple options

21  within twenty (20) days, i.e., by **November 10, 2008**.

22  ///

23

24

---

25  　　[1]Although petitioner's third claim is not asserted in response to question 10 of the form
26  habeas petition which calls for a list of petitioner's claims, this court liberally construes the Petition
   as attempting to raise such claim in light of petitioner's response to question 11 of the form habeas
27  petition which calls for petitioner to explain why grounds he raises in the instant Petition were not
   previously presented to another court.

28

2

First, the court advised petitioner that he could dismiss the Petition outright, present the unexhausted claims to the California Supreme Court, and file a new petition in federal court containing only exhausted claims. The court noted, however, that dismissal of the present proceeding (even dismissal without prejudice) might contribute toward a statute of limitations bar against a federal petition subsequently filed by petitioner.

Second, the court advised petitioner that he could choose to amend the petition to delete the unexhausted claims and to include only the exhausted claim. The court noted that by choosing this option, petitioner risked forfeiting consideration of the unexhausted claims in federal court, even if he subsequently did exhaust such claims by presenting them to the California Supreme Court.

Third, the court advised petitioner that he could file a motion asking the court to stay the petition to allow him time to pursue his state remedies as to the unexhausted claims. The court noted that it only has discretion to stay and hold in abeyance a mixed habeas corpus petition pending exhaustion of state remedies in limited circumstances, and that any motion to stay must demonstrate good cause for petitioner's failure to exhaust his claims first in state court. The court further explained that even if good cause was shown, such a motion could not be granted if the unexhausted claims were plainly meritless or if petitioner had engaged in abusive litigation tactics or intentional delay. The court advised petitioner that if he elected to file a motion to stay, the motion should state whether, in the event the motion was denied, petitioner would prefer the first or second option stated above.

Finally, the court, in boldface print, cautioned petitioner that the failure timely to respond to the October Order would result in a recommendation to dismiss the Petition based upon the "mixed" nature of the Petition and/or upon petitioner's failure to prosecute.

Although petitioner's deadline to elect one of the foregoing options expired on November 10, 2008, to date, petitioner has not responded to the October Order.

3

## II.     DISCUSSION

### A.     The Petition is "Mixed" and Should Be Dismissed Because Petitioner Has Not Demonstrated That All of His Claims Have Been Exhausted

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Park v. California</u>, 202 F.3d 1146, 1150 (9th Cir.), <u>cert. denied</u>, 531 U.S. 918 (2000).

Title 28 United States Code, Section 2254(b)(1), explicitly provides that a habeas petition brought by a person in state custody shall not be granted unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Exhaustion requires that a petitioner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir.), <u>cert. denied</u>, 513 U.S. 935 (1994); <u>Jackson v. Roe</u>, 425 F. 3d 654, 657-68 (9th Cir. 2005).  A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999).

///

4

1   A petitioner has the burden of demonstrating that he has exhausted available
2   state remedies.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), as
3   amended (1998) (habeas petitioner carries burden of proving exhaustion of all
4   available state remedies) (citation omitted), cert. denied, 532 U.S. 919 (2001);
5   Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.) (burden of proving that claim has
6   been exhausted lies with petitioner) (citation omitted), cert. denied, 522 U.S. 833
7   (1997); Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993) (state prisoner bringing
8   federal habeas corpus action bears burden of showing that he has exhausted
9   available state remedies) (citation and quotation marks omitted); Parra v. San Jose
10  City, 2003 WL 22384775 at *1 (N.D. Cal. 2003) (petitioner has burden of pleading
11  exhaustion in habeas petition) (citation omitted).

12      Here, as reflected in the procedural history above, petitioner has not met his
13  burden with respect to the second and third claims contained in the Petition.[2]
14  Because the Petition contains an exhausted, as well as unexhausted claims and is
15  therefore "mixed," the court must further assess the appropriate disposition of the
16  Petition as a whole.  A district court generally must dismiss "mixed" habeas corpus
17  proceedings, that is, proceedings which raise both exhausted and unexhausted
18  claims.  Rose, 455 U.S. at 522.  However, a court may not dismiss a mixed petition
19  without first permitting the petitioner the opportunity to amend the petition to
20  delete the unexhausted claims.  Jefferson v. Budge, 419 F.3d 1013, 1015 (9th Cir.

21

22  [2]Petitioner may still be able to present his unexhausted claims to the California Supreme
23  Court.  See In Re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy
    in this state to collaterally attack a judgment of conviction which has been obtained in violation of
24  fundamental constitutional rights.") (citations and quotations omitted); People v. Sorenson, 111 Cal.
    App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be
25  raised by state habeas petition).  However, this court expresses no opinion regarding whether
26  consideration of a state habeas petition might be foreclosed by the principles discussed in In Re
    Clark, 5 Cal. 4th 750, 763-87 (1993).  The California Supreme Court should evaluate the matter in
27  the first instance.  Even if an applicable state procedural bar exists, the California Supreme Court
    nevertheless might choose to reach the merits of petitioner's claim.  See, e.g., Park, 202 F.3d at
28  1151-52.

2005) (citations omitted).  As the procedural history above demonstrates, petitioner has been provided with, but has not availed himself of such an opportunity.

Because the Petition is "mixed" and petitioner has not availed himself of the opportunity to amend the Petition to delete the unexhausted claims or demonstrated good cause to stay this action to permit him to exhaust his unexhausted claims, this action should be dismissed.

**III.    RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that the District Court issue an Order:  (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED:      November 26, 2008

_____
                              /s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE